UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MARATHON EQUIPMENT COMPANY,  )
 )
          Plaintiff,          )
 )
v.                           )      No.:   1:22-CV-205-TAV-SKL
 )
ROBERT QUINN,          )
 )
          Defendant.      )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Plaintiff's Expedited Motion for Preliminary Injunction [Doc. 8]. Plaintiff Marathon Equipment Company ("Plaintiff") requests injunctive relief related to defendant Robert Quinn ("Defendant")'s employment at FleetGenius, LLC ("FleetGenius"). Defendant responded [Doc. 29], and plaintiff replied [Doc. 32]. The parties also appeared before the Court for oral argument on October 13, 2022 [Doc. 42], at which time they presented argument and offered evidence related to the issues addressed in plaintiff's motion. Thus, this matter has been fully briefed and is ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, the Court will **DENY** plaintiff's motion for injunctive relief.

## I.    Background

Plaintiff is a manufacturer of onsite commercial and industrial Ramjet trash compactors, balers, and recycling equipment [Doc. 1, p. 2]. Defendant began working for plaintiff as a Regional Sales Manager in September 1992 [*Id.*]. In May 2010, defendant was promoted to Director of Sales for plaintiff's trash compactors [*Id.*]. As Director of

Sales, defendant oversaw the sales of plaintiff's Ramjet compactors and recycling products across the United States and Canada [*Id.* at 2–3].

Before defendant was promoted, he was required to sign an Employee Non-Disclosure, Non-Competition, and Patent Rights Agreement (the "Agreement") [*Id.* at 1–2; Doc. 1-1]. After signing the Agreement, defendant continued working for plaintiff until July 18, 2022, when he announced that he would be resigning on July 29, 2022 [Doc. 1, p. 4]. After his resignation, defendant began working at FleetGenius [*Id.* at 6].

FleetGenius markets itself as one of the leading companies in the container and compactor space [*Id.* at 5]. FleetGenius also owns a series of distributor companies [*Id.* at 5–6]. While defendant contends that he sells only containers and container solutions at FleetGenius, plaintiff asserts that defendant's primary focus is on containers and compactors [Doc. 31-1, p. 8–9].

Plaintiff brought this action on August 17, 2022, against defendant, alleging breach of contract [Doc. 1, p. 7]. Specifically, plaintiff alleges that by working at and performing services for FleetGenius, defendant is competing with plaintiff in violation of Section 2 of the Agreement [*Id.*]. The day after bringing suit, plaintiff filed the instant motion to preliminarily enjoin defendant from working for FleetGenius [Doc. 8]. Specifically, plaintiff requests a preliminary injunction to:

> enjoin [defendant] from working for FleetGenius, LLC or from otherwise "directly or indirectly, either individually, or as a stockholder of more than 5% ownership, director, officer, partner, associate, independent contractor, consultant, sales representative, employee or agent, consult[ing] with or

2

otherwise assist[ing] any person or organization which is engaged in, or about to become engaged in research on or development, production, marketing or selling of a 'conflicting product,'" as that term is defined in Section 2.b of the Agreement.

[*Id.* at 1].

## II.     Standard of Review

Under Federal Rule of Civil Procedure 65, a party may seek injunctive relief if it believes it will suffer irreparable harm or injury during the pendency of the action. *See* Fed. R. Civ. P. 65. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a plaintiff's request for a preliminary injunction, the Court must consider four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Id.* Although courts are to balance each of these factors in making their determination, "even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (internal quotation marks omitted). In fact, the Sixth Circuit has described the irreparable harm factor as "dispositive," eliminating the need for a district court to consider the other factors

3

if no irreparable harm is found. *Id.* at 327. Therefore, the Court will consider the irreparable harm requirement first before examining the other factors.

### III. Analysis

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. In the context of noncompete agreements, the Sixth Circuit has stated:

> The likely interference with customer relationships resulting from the breach of a non-compete agreement is the kind of injury for which monetary damages are difficult to calculate. The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute. Similarly, the loss of fair competition that results from the breach of a non-competition covenant is likely to irreparably harm an employer.

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007) (internal quotation marks omitted). Moreover, the fact that an employee agreed that a breach of a noncompete provision would cause irreparable harm is evidence that the employer has suffered irreparable harm. *Am.'s Home Place, Inc. v. Myers*, No. 1:21-CV-00224, 2021 WL 4342588, at *3 (E.D. Tenn. Sept. 23, 2021).

Plaintiff argues that because defendant signed the Agreement that contains a provision stating that remedies at law would be inadequate in the case of a breach, this is evidence that plaintiff has suffered irreparable harm. The Court agrees that defendant's signing of the Agreement containing such a provision is some evidence of plaintiff's irreparable harm [*See* Doc. 1-1, p. 3]. However, without citing to any authority, plaintiff also argues that the law imposes no burden on it to prove that it has lost any customers or

4

dealer relationships because of defendant. In addition, plaintiff contends that it should not be expected to do so given that defendant only recently joined FleetGenius and there has been little time for discovery. The Court disagrees.

"To merit a preliminary injunction, an injury must be both certain and immediate, not speculative or theoretical." *D.T.*, 942 F.3d at 327 (internal quotation marks omitted). The Sixth Circuit has stated that "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id.* "Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *Id.*

Plaintiff provides four examples to demonstrate that it faces irreparable harm in the form of the loss of the opportunity to compete fairly and the potential losses of customers, dealers, goodwill, and confidential information. However, defendant argues that none of these examples demonstrate that plaintiff has lost any customers or goodwill due to defendant working at FleetGenius or that defendant has interfered with plaintiff's existing relationship with distributors.

First, plaintiff states that defendant partook in a teleconference where he discussed compactor services with one of plaintiff's customers that defendant had previously consulted with while working for plaintiff. Defendant responds that plaintiff has no evidence to show that while attending this meeting, defendant used any confidential information that he obtained while working at plaintiff's business. Second, plaintiff states that defendant was in a position to leverage his relationship with the owner of plaintiff's

5

customer when he visited FleetGenius's plant where it manufactures compactors. Defendant responds that plaintiff offers no evidence to support its speculation that defendant promoted compactors to the detriment of plaintiff.

Third, plaintiff states that defendant alerted FleetGenius while he still worked at plaintiff that a large dealer would soon be for sale. Plaintiff maintains that such inside information gives FleetGenius an advantage to acquire one of plaintiff's largest distributors. Plaintiff contends that while it would not consider purchasing a distributor, it would prefer that the distributor remain under ownership friendly to plaintiff instead of the ownership of a competitor. Defendant responds that plaintiff has demonstrated no harm that it will suffer if an entity that it does not own and for which it would never acquire is purchased by another company. Finally, plaintiff maintains that defendant is using social media to promote FleetGenius's installation of competing compactors.

The Court agrees with defendant that in these examples, plaintiff has not provided evidence that defendant's actions have caused plaintiff's customers to cease doing business with plaintiff or that plaintiff has otherwise been harmed in any way. *See STAR Teams, Inc. v. Transplant Advocs., LLC*, No. 2:22-cv-00022, 2022 WL 2161043, at *5 (M.D. Tenn. June 15, 2022) (finding no irreparable harm where the plaintiff provided no evidence of lost customers or lost sales); *cf. VRC Cos. v. Rodriguez*, No. 2:22-cv-02461, 2022 WL 4537899, at *10 (W.D. Tenn. Sept. 28, 2022) (finding irreparable harm where the defendant clearly stated his intentions to pursue the plaintiff's clients); *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 WL 1697391, at *8–9 (M.D. Tenn. May 26, 2022)

(finding irreparable harm where the defendant usurped two opportunities from the plaintiff). Plaintiff's fears or speculation that defendant's actions will lead to harm to plaintiff's business are not enough. *See D.T.*, 942 F.3d at 327 (stating that the plaintiff's fears and hypothetical "ifs" do not rise to the level of the certain and immediate harm needed for a preliminary injunction).

Therefore, plaintiff has not demonstrated that it will suffer certain and immediate harm in the absence of a preliminary injunction. Having found that plaintiff has not demonstrated the dispositive factor of irreparable harm, the Court is relieved of its duty to consider and weigh the other injunction factors. *See D.T.*, 942 F.3d at 328 (stating that the district court rightly left the merits of the plaintiff's claims for another day where the plaintiff had not made the requisite showing of irreparable harm).

## IV. Conclusion

For the foregoing reasons, the Court does not find that plaintiff has demonstrated that it is entitled to a preliminary injunction. Accordingly, Plaintiff's Expedited Motion for Preliminary Injunction [Doc. 8] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7